UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESI CASES AND ACCESSORIES, INC., | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Civ. No. 1:18-cv-11507-JMF |
| HOME DEPOT PRODUCT AUTHORITY LLC, | ) **ORAL ARGUMENT REQUESTED** ) ) |
| *Defendant*. | ) ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA OR, IN THE ALTERNATIVE, MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

BACKGROUND ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

I.     THE COURT SHOULD TRANSFER VENUE TO THE NORTHERN DISTRICT OF GEORGIA ........................................................................................... 4

II.    IN THE ALTERNATIVE, THE COURT SHOULD DISMISS ESI'S CLAIMS PURSUANT TO RULE 12(b)(6) ................................................................... 8

    A. The Court Should Dismiss ESI's Claim for Breach of the "Manufacturer Agreement." ........................................................................ 10

    B. The Court Should Dismiss ESI's Promissory Estoppel Claim ..................... 11

    C. The Court should Dismiss ESI's Unjust Enrichment Claim ........................ 12

    D. The Court Should Dismiss ESI's Fraud By Concealment Claim ................ 13

III.   NO EVIDENCE SUPPORTS ESI'S CLAIM FOR BREACH OF THE "WIRELESS GEAR CONTRACT." ............................................................................ 14

CONCLUSION ............................................................................................................................. 15

## TABLE OF AUTHORITIES

**Case**                                                                                                                           **Page**

*Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*,
    364 F.3d 884 (7th Cir. 2004) ........................................................................................... 7

*Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
    571 U.S. 49 (2013) ...................................................................................................... 5, 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................................... 8

*Bluewater Mfg. Co. v. Home Depot U.S.A., Inc.*,
    No. 1:10-CV-0696-CC, 2011 WL 13233422 (N.D. Ga. Apr. 18, 2011) ......................... 6

*City of Perry, Iowa v. Procter & Gamble Co.*,
    188 F. Supp. 3d 276 (S.D.N.Y. 2016) ......................................................................... 8, 13

*Cortec Indus., Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991) ............................................................................................ 9

*E.P. Henry Corp. v. Home Depot, Inc.*,
    No. 07-2783, 2008 WL 62283 (D.N.J. Jan. 3, 2008) .................................................. 7-8

*Elite Parfums, Ltd. v. Rivera*,
    872 F. Supp. 1269 (S.D.N.Y. 1995) ............................................................................. 5

*Foley Co. v. Warren Eng'g, Inc.*,
    804 F. Supp. 1540 (N.D. Ga. 1992) ............................................................................ 12

*GlaxoSmithKline LLC v. Laclede, Inc.*,
    No. 18-CV-4945 (JMF), 2019 WL 293329 (S.D.N.Y. Jan. 23, 2019) ......................... 5

*Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP*,
    No. 14-CV-9839 JMF, 2015 WL 5751252 (S.D.N.Y. Sept. 30, 2015) ..................... 4-5

*Huffington v. T.C. Group, Inc.*,
    637 F.3d 18 (1st Cir. 2011) ............................................................................................ 7

*LesCare Kitchens, Inc. v. Home Depot U.S.A., Inc.*,
    No. 98-CV-1354, 1998 WL 720536 (D. Conn. Sept. 29, 1998) .................................. 8

*May v. S.E. GA Ford, Inc.*,
    344 Ga. App. 459, 811 S.E. 2d 14 (2018) .................................................................. 12

*Mbigi v. Wells Fargo Home Mortg.*,
   336 Ga. App. 316, 785 S.E. 2d 8 (2016)......................................................................11

*McCabe v. Daimler AG*,
   160 F. Supp. 3d 1337 (N.D. Ga. 2015).......................................................................13

*NAFRA Worldwide, LLC v. Home Depot U.S.A, Inc.*,
   No. 1:12-CV-02808-AT, 2013 WL 12098772 (N.D. Ga. Aug. 29, 2013) ....................6

*Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*,
   825 F. Supp. 671 (D.N.J. 1993)....................................................................................7

*Pence v. Gee Grp., Inc.*,
   236 F. Supp. 3d 843 (S.D.N.Y. 2017)......................................................................4, 5

*Quint Measuring Sys., Inc. v. Home Depot USA, Inc.*,
   No. 1:10-CV-01963-JOF, 2012 WL 13005413 (N.D. Ga. Sept. 4, 2012)....................6

*Reynolds v. CB&T*,
   342 Ga. App. 866, 805 S.E.2d 472 (2017)................................................................11

*Rincon v. Covidien*,
   No. 16-CV-10033 (JMF), 2017 WL 2242969 (S.D.N.Y. May 22, 2017) ....................8

*Spectrum Creations, LP v. Home Depot U.S.A., Inc.*,
   No. 1:11-CV-01637-JOF, 2013 WL 12092287 (N.D. Ga. July 29, 2013),
   *aff'd*, 563 F. App'x 725 (11th Cir. 2014) .....................................................................7

*Stewart v. Riviana Foods Inc.*,
   No. 16-CV-6157 (NSR), 2017 WL 4045952 (S.D.N.Y. Sept. 11, 2017) .....................9

**Statute**

28 U.S.C. §1391 ..................................................................................................................4

28 U.S.C. § 1404 .......................................................................................................1, 5, 8

O.C.G.A. § 13-3-44...........................................................................................................11

**Federal Rules**

Fed. R. Civ. P. 9(b) .............................................................................................................1

Fed. R. Civ. P. 12(b)(6).................................................................................................3, 8, 9

Plaintiff ESI Cases and Accessories ("ESI") has filed its case in the wrong court in violation of a forum-selection clause in the parties' agreement. Accordingly, Defendant Home Depot Product Authority LLC ("Home Depot") respectfully requests that this Court grant its motion to transfer venue or, in the alternative, dismiss ESI's Amended Complaint [Dkt 12].

ESI has sued Home Depot alleging various breaches of contract and related claims for relief. In so doing, however, ESI pointedly has failed to present this Court with the express contract governing the relationship between the parties. ESI's entire relationship with Home Depot was and is governed by a written Supplier Buying Agreement ("SBA") that requires that any disputes arising from that relationship be litigated in Georgia. ESI is bound by that enforceable forum-selection clause. Accordingly, pursuant to 28 U.S.C. § 1404(a), Home Depot asks that the Court enforce the parties' bargain and transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

Alternatively, the Court could dismiss the Amended Complaint on the merits because the SBA forecloses virtually all of ESI's claims. ESI has not pleaded its fraud by concealment claim in accordance with Fed. R. Civ. P. 9(b). But even if the claim were supported with additional facts, it would fail because ESI fails to allege an underlying legal duty to disclose owed by Home Depot to ESI. The SBA bars nearly all of ESI's remaining claims, either because ESI seeks to hold Home Depot liable where it cannot (as in the case of ESI's own projections and forecasts of demand) or seeks to recover where ESI failed to meet a condition precedent to recovery.

## BACKGROUND

ESI manufactures and sells mobile electronics accessories. Am. Compl. ¶ 10. As ESI acknowledges, Home Depot previously purchased these products from ESI for sale in its warehouse stores. Am. Compl. ¶¶ 15, 26. In 2017, when Home Depot began purchasing products

1743505.1

1

from ESI, the parties executed a comprehensive agreement—the SBA—to govern their relationship.[1] This Court may and should consider the express terms of the SBA for the purposes of this Motion.

The substantive provisions of that SBA illustrate that the parties anticipated—and expressly foreclosed—the lawsuit ESI has now chosen to file. ESI's principal complaint is that Home Depot failed to issue purchase orders to purchase more products, but beyond confirming minimal consideration, no SBA provision requires that Home Depot purchase *any* particular quantity of ESI product. To the contrary, the SBA provides that Home Depot does not commit to purchase any product without issuing a purchase order. *See* SBA §§ 1.2, 1.4. Indeed, the SBA expressly provides that "[n]o oral orders shall be considered part of the SBA, ***nor binding unless documented in a written [Purchase Order.]***" *Id.* § 14.13 (emphasis added). Further, the SBA expressly anticipates that a supplier—here, ESI—may produce goods based on its own estimates or forecasts of Home Depot demand, but the agreement expressly disclaims Home Depot's liability for these forecasts, providing that Home Depot "will not be liable for any actions taken by [ESI] or costs borne by [ESI] based on any estimates or forecasts." *Id.* § 14.10. The SBA goes on to state that "[i]f [Home Depot] provides any estimates or forecasts of its needs, the estimates and forecasts are non-binding". *Id.*

Finally, the SBA includes an integration clause providing that "[n]o changes or modifications to the SBA are permitted unless made in writing and signed by the authorized party sought to be bound." *Id.* § 14.13. ESI does not allege that Home Depot agreed to any modification of the Terms and Conditions in the governing SBA. ESI's Amended Complaint—like the original complaint before it—makes no mention of the SBA or these terms.

---

[1] The current version of that SBA—executed February 27, 2017—is attached to the February 11, 2019 Declaration of Benjamin W. Thorpe, filed contemporaneously herewith, as Exhibit A.

1743505.1

Nor does ESI acknowledge that the parties expressly contracted for dispute resolution procedures as part of the SBA. Specifically, § 6.4 covers "Disputes," including any "dispute[s] ***arising out of, relating to or concerning***" the SBA. And because § 1.2 provides that the "entire business relationship" between Home Depot and ESI is subject to the SBA, § 6.4's dispute resolution procedures apply to any and all disputes regarding that relationship. Further, § 6.5 provides that, if (after unsuccessful mediation) the dispute results in litigation, "the parties agree that any civil action to decide such dispute ***shall be brought*** in either the US District Court for the Northern District of Georgia, Atlanta Division, or the Fulton Superior Business Court, Georgia." *Id.* § 6.5 (emphasis added).

ESI, of course, knows all this. On April 20, 2018 ESI demanded mediation of this dispute—regarding the "purchase [of] private label smartphone accessories"—"[p]ursuant to Section 6.4(a) of the [SBA]."[2] The parties completed that mediation—in Atlanta—in November, 2018 but did not resolve their differences. After ESI filed this action, Home Depot requested ESI's consent to this transfer motion. ESI declined to consent.

## ARGUMENT

This Court should transfer this action to the U.S. District Court for the Northern District of Georgia pursuant to 28 U.S.C. §1404(a) because each of ESI's claims "aris[es] out of, relat[es] to or concern[s]" the parties' business relationship, all of which is subject to the SBA and its mandatory forum-selection clause. *See* SBA § 6.4. Alternatively, the Court can dismiss ESI's Amended Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.

---

[2] *See* April 20, 2018 Letter from Benjamin Rattner to Home Depot, at 1, attached as Exhibit B to the February 11, 2019 Declaration of Benjamin W. Thorpe, filed contemporaneously herewith.
1743505.1

3

## I. THE COURT SHOULD TRANSFER VENUE TO THE NORTHERN DISTRICT OF GEORGIA

Pursuant to the terms of the forum-selection clause negotiated between two sophisticated corporate parties, ESI agreed to bring any claims related to its comprehensive contract with Home Depot in the U.S. District Court for the Northern District of Georgia (if brought in any federal court). Transfer to the Northern District of Georgia will accomplish what both parties envisioned at the time of contracting.

In deciding whether to transfer a case to another judicial district, a court first examines whether the case could have been brought in the other district. *Pence v. Gee Grp., Inc.*, 236 F. Supp. 3d 843, 849 (S.D.N.Y. 2017). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). There is no question this action could have been brought in the Northern District of Georgia, because 28 U.S.C. §1391(a) provides that diversity cases may be brought in a judicial district where the defendant resides. The Amended Complaint alleges that the only defendant in the case, Home Depot, has its principal place of business in Atlanta, GA. Am. Compl. ¶ 11. Because Home Depot resides in the Northern District of Georgia, venue is therefore proper in that district under section 1404(a).

If the case could have been brought in the other district, courts in this Circuit "then examine[ ] a number of factors, commonly referred to as 'private' and 'public-interest' factors." *Pence*, 236 F. Supp. 3d at 850 (presenting non-exhaustive list of factors). Because district courts have "broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis[,]" "there is no rigid formula for balancing the factors and no single one of them is determinative." *Grant &*

1743505.1

4

*Eisenhofer, P.A. v. Bernstein Liebhard LLP*, No. 14-CV-9839 JMF, 2015 WL 5751252, at *3 (S.D.N.Y. Sept. 30, 2015) (alterations adopted and internal quotation omitted).

But "the calculus changes ... when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *GlaxoSmithKline LLC v. Laclede, Inc.*, No. 18-CV-4945 (JMF), 2019 WL 293329, at *4 (S.D.N.Y. Jan. 23, 2019) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (alteration adopted)). ***"[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases."*** *Atl. Marine*, 571 U.S. at 63 (emphasis added). This "alter[s] the usual section 1404(a) analysis" in critical ways, including that: (a) "the plaintiff's choice of forum merits no weight"; and (b) "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Pence*, 236 F. Supp. 3d at 850-51 (quoting *Atl. Marine*, 571 U.S. at 63-64). Given the law's "strong policy of enforcing forum selection agreements," "the presence of the forum selection clause means that, as a matter of law, the burden shifts to [the party opposing enforcement] to demonstrate ***exceptional facts*** explaining why [it] should be relieved from [its] contractual duty." *Elite Parfums, Ltd. v. Rivera*, 872 F. Supp. 1269, 1271-2 (S.D.N.Y. 1995) (emphasis added; internal quotation mark omitted). ESI cannot satisfy that heavy burden here.

Even if the forum-selection clause were not all-but-dispositive, the public interest factors further support transfer to the Northern District of Georgia. As this Court has acknowledged, these public factors may include "the forum's familiarity with the governing law" and "trial efficiency and the interest of justice." *Grant & Eisenhofer*, 2015 WL 5751252, at *3. The parties here have contractually agreed not only that venue shall lie in the Northern District of Georgia, but also that the SBA ***"and all disputes arising out of the parties['] relationship will be***

1743505.1

5

***governed by and construed in accordance with*** the laws of the State of Georgia, without regard to its conflict of law principles." SBA § 14.7 (emphasis added). The U.S. District Court for the Northern District of Georgia is indisputably familiar with Georgia law and regularly and efficiently handles myriad issues of Georgia contract law. Further, the courts in that District and the U.S. Court of Appeals for the Eleventh Circuit repeatedly have decided cases involving Home Depot's SBA.[3]

Moreover, the interests of justice are best served by honoring the parties contractual commitment "to litigate disputes in a particular forum," and therefore "courts should not unnecessarily disrupt the parties' settled expectations." *Atl. Marine*, 571 U.S. at 66. As is the case for Home Depot here, "[a] forum-selection clause . . . may, in fact, have been a critical factor in [the parties'] agreement to do business together in the first place." *Id.* Accordingly, "the interest of justice is served by holding parties to their bargain." *Id.* (internal quotation mark omitted).

Finally, the SBA's mandatory forum-selection clause applies here, even though ESI's Amended Complaint attempts to ignore and plead around the SBA's existence. As discussed above, the scope of the SBA could hardly be broader, because the parties agreed that: "Home Depot's and [ESI's] ***entire business relationship*** as to the subject matter herein, and every written purchase order ("PO") submitted by [Home Depot] or its affiliates is subject to this SBA." SBA § 1.2 (emphasis added). The provisions therein apply because ESI's claim are

---

[3] *See, e.g., NAFRA Worldwide, LLC v. Home Depot U.S.A, Inc.*, No. 1:12-CV-02808-AT, 2013 WL 12098772, at *12 (N.D. Ga. Aug. 29, 2013) (granting motion to dismiss based on SBA provision); *Quint Measuring Sys., Inc. v. Home Depot USA, Inc.*, No. 1:10-CV-01963-JOF, 2012 WL 13005413, at *5 (N.D. Ga. Sept. 4, 2012) (granting motion for summary judgment based on SBA provision); *Bluewater Mfg. Co. v. Home Depot U.S.A., Inc.*, No. 1:10-CV-0696-CC, 2011 WL 13233422, at *7 (N.D. Ga. Apr. 18, 2011) (granting motion to dismiss or, in the alternative, motion for summary judgment based on SBA provision).
1743505.1

inextricably "arising out of, related to, or concerning" that relationship, and thus the SBA. SBA § 6.4. As another federal court found in interpreting a prior version of Home Depot's SBA, courts interpret "any claim or dispute" to include any contractual matter between the parties, as well as any tort claim associated with the parties' relationship. *Spectrum Creations, LP v. Home Depot U.S.A., Inc.*, No. 1:11-CV-01637-JOF, 2013 WL 12092287, at *4 (N.D. Ga. July 29, 2013), *aff'd*, 563 F. App'x 725 (11th Cir. 2014).

As the First Circuit held in *Huffington v. T.C. Group, Inc.*, a forum selection clause reaching all claims "with respect to" the parties' contract controls all claims connected to the parties' contractual relationship, because such broadly-worded clauses are properly designed "to concentrate all related litigation in a single forum." *Huffington*, 637 F.3d 18, 23 (1st Cir. 2011). Here, the SBA was the master contract governing ESI's sale of mobile electronics accessories to Home Depot and was, by its own terms, a precondition to Home Depot issuing any purchase orders to ESI.

Similarly, federal courts consistently have held that where the "fundamental documents defining the parties' relationship" include a forum selection clause, the clause applies to claims for breach of any alleged contracts related to the parties' business dealings, even alleged oral contracts or those without their own forum selection clauses. *Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 678 (D.N.J. 1993).[4] Indeed, the courts have enforced this very same forum-selection clause in Home Depot's SBA against other suppliers like ESI, whether or not the suppliers raised a claim for breach of the SBA. *See, e.g., E.P. Henry Corp. v.*

---

[4] *See also Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 889 (7th Cir. 2004) (even though only master contract contained forum selection clause, plaintiffs' claims for breaching other contracts were also subject to clause because all the contracts related to same business program).
1743505.1

7

*Home Depot, Inc.*, No. 07-2783, 2008 WL 62283 (D.N.J. Jan. 3, 2008); *LesCare Kitchens, Inc. v. Home Depot U.S.A., Inc.*, No. 98-CV-1354, 1998 WL 720536 (D. Conn. Sept. 29, 1998).

Because the parties expressly agreed to a single federal forum for disputes arising out of the parties' relationship, because this action could have been brought in that forum in the first instance, and because no other § 1404(a) factors require—or even favor—this Court retaining the case, the Court should transfer this action to the U.S. District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

## II.  IN THE ALTERNATIVE, THE COURT SHOULD DISMISS ESI'S CLAIMS PURSUANT TO RULE 12(b)(6)

Alternatively, the Court could dismiss the bulk of ESI's Amended Complaint on the merits. Specifically, the Court should dismiss ESI's claims for Breach of the Manufacturer Agreement (Am. Compl. ¶¶ 30-33), Promissory Estoppel (*Id.* ¶¶ 34-39), Unjust Enrichment (*Id.* ¶¶ 40-44), and Fraud by Concealment (*Id.* ¶¶ 45-51).

"[A] Rule 12(b)(6) motion calls for the court to determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *City of Perry, Iowa v. Procter & Gamble Co.*, 188 F. Supp. 3d 276, 282 (S.D.N.Y. 2016) (Furman, J.) "More specifically, the court must distinguish between facts, on the one hand, and 'mere conclusory statements' or legal conclusions on the other hand; the latter are not entitled to the presumption of truth and must be disregarded." *Id.* "A complaint that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Rincon v. Covidien*, No. 16-CV-10033 (JMF), 2017 WL 2242969, at *1 (S.D.N.Y. May 22, 2017) (Furman, J.) (quoting *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "If Plaintiff has not nudged [its] claims across the line from conceivable to plausible, [its] claims must be dismissed." *Id.* (alterations adopted and internal quotation omitted).

ESI's Amended Complaint ignores all these pleading requirements. ESI alleges five "Claims for Relief" in a mere nine pages, and as a result basic elements of these claims are recited in conclusory fashion. Moreover, ESI alleges the existence and breach of two or more separate, allegedly written or otherwise memorialized agreements (the "Manufacturer Agreement," *see* Am. Compl. ¶ 14, and the "WG Contracts," *see* Am. Compl. ¶ 27), but neither quotes from nor attaches any document to its Amended Complaint to reflect the existence of these purported agreements.[5] Despite ESI's failure to present the SBA (or, to be clear, any other alleged agreement between the parties), this Court may and should consider the existence and express terms of ***that agreement*** for the purposes of this Motion.[6]

ESI's artful—and woeful—pleading cannot change the facts and cannot avoid dismissal of the bulk of its claims based on the SBA. ESI admitted that it entered into the SBA and that that the agreement controls this dispute when it demanded mediation on April 20, 2018. The SBA, signed by both parties and governing their "entire business relationship," simply forecloses ESI's claims, which Home Depot here addresses in turn. As an initial matter, each of these claims should be evaluated under Georgia law. As discussed *supra* at 6, ESI and Home Depot expressly agreed that "all disputes ***arising out of the parties' relationship*** will be governed by

---

[5] As to the "WG Contracts" (ESI's fifth claim for relief, Am. Compl. ¶¶ 52-46), Home Depot acknowledges that an allegation of an unpaid invoice for a purchase order issued under the SBA may indeed state a claim for relief at the motion-to-dismiss stage. That, of course, is not how ESI chose to plead it, nor does Home Depot believe any evidence supports this claim. See Section III, *infra* at 13.

[6] "While a court must generally treat a 12(b)(6) as one for summary judgment under Rule 56 when it relies on matters outside the pleadings, the court may consider documents beyond the pleadings in deciding a motion to dismiss." *Stewart v. Riviana Foods Inc.*, No. 16-CV-6157 (NSR), 2017 WL 4045952, at *6 (S.D.N.Y. Sept. 11, 2017). Further, "[w]here," as here, "plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).
1743505.1

and construed in accordance with the laws of the State of Georgia . . . ." SBA § 14.7 (emphasis added).

### A. The Court Should Dismiss ESI's Claim for Breach of the "Manufacturer Agreement."

ESI claims that an agreement reached in May 2017 required Home Depot to purchase $1.8 million of "Custom Made Products" from ESI. ESI does not cite a single word of a single document to reflect this Presumably, ESI intends to argue that Even if claim had set forth facts sufficient to entitle ESI to relief (it does not), the SBA precludes any liability for Home Depot.

The SBA presents a structure under which Home Depot assumes financial liability for supplier product solely by issuing a purchase order. *See* SBA §§ 1.2, 1.4. Indeed, the SBA expressly disclaims any Home Depot liability for "actions taken by [ESI] or costs borne by [ESI] based on any estimates or forecasts." *Id.* § 14.10. While it is difficult to infer much from the spartan language of the Amended Complaint, it is impossible to construe *any* version of the "Manufacturer Agreement" claim that does not turn on "actions taken by" ESI to meet expected "estimates or forecasts" of future Home Depot demand for the "Custom Made Products." Even ESI does not allege that any purchase order for the "Custom Made Products" was ever issued. That failure to allege the mere existence of a purchase order is fatal to any claim of Home Depot liability under the SBA.

Moreover, the creative allegation of a separately-created "Manufacturer Agreement" does not save ESI from the SBA's terms and conditions. The SBA's integration clause expressly provides that "[n]o changes or modifications to the SBA are permitted unless made in writing and signed by the authorized party sought to be bound." *Id.* § 14.13. Here, ESI seeks to bind Home Depot by inventing an entirely new business relationship that would necessarily undercut or modify the SBA. They do so without pleading, let alone documenting, that Home Depot

1743505.1

10

agreed to any such modification. Accordingly, this Court should dismiss ESI's claims as to an alleged Manufacturer Agreement.

### B. The Court Should Dismiss ESI's Promissory Estoppel Claim.

ESI claims Home Depot must purchase all of ESI's "Custom Made Products" because ESI claims to have detrimentally relied on its understanding that Home Depot would do so. Under Georgia law, [t]he elements of promissory estoppel are: "the defendant made a promise upon which [it] reasonably should have expected the plaintiff to rely, the plaintiff relied on the promise to [its] detriment, and injustice can be avoided only by enforcing the promise because the plaintiff forwent a valuable right." *Mbigi v. Wells Fargo Home Mortg.*, 336 Ga. App. 316, 328, 785 S.E. 2d 8, 20 (2016); O.C.G.A. § 13-3-44. While a "promise need not meet the formal requirements of a contract, . . . it must, nonetheless, have been communicated with sufficient particularity to enforce the commitment." *Reynolds v. CB&T*, 342 Ga. App. 866, 872, 805 S.E.2d 472, 478 (2017). Tellingly, ESI does not include in its Amended Complaint a single allegation regarding a single word spoken or written by Home Depot or its agents that would give rise to any particular commitment on which ESI can have relied to its detriment.

Regardless, the claim fails as a matter of law because ESI has not alleged that Home Depot reasonably should have expected ESI to rely on an alleged promise that it would later issue purchase orders for the Custom Made Products. Indeed, the SBA expressly disclaims that possibility when it states: ***"If [Home Depot] provides any estimates or forecasts of its needs, the estimates and forecasts are non-binding."*** SBA § 14.10 (emphasis added). If that were not enough, the SBA expressly includes an "Entire Agreement" clause that (a) "supersedes all prior negotiations, representations, or agreements" and (b) requires any "changes or modifications to the SBA" be "made in writing and signed by the authorized party sought to be bound." *Id.* §

14.13. The SBA also makes clear that the relationship between the parties as to the purchase and sale of merchandise revolves around a single instrument: the purchase order. *See* SBA §§ 1.2, 1.4. In the face of those provisions, ESI cannot maintain—and does not meaningfully allege (nor could it)—that Home Depot "promised" to purchase large quantities of its products outside the SBA.

For these reasons, and because there is no allegation to the contrary (nor could there be), ESI, therefore, cannot establish that there was any mutual understanding as to Home Depot's alleged "promise," and so the claim fails. *Foley Co. v. Warren Eng'g, Inc.*, 804 F. Supp. 1540, 1546 (N.D. Ga. 1992) ("[R]eliance alone does not a promise make; there must be something approaching a meeting of the minds, or a mutual understanding that a promise is being made upon which the promisee may reasonably be expected to rely.").

### C. The Court should Dismiss ESI's Unjust Enrichment Claim.

ESI claims that some benefit necessarily passed to Home Depot by virtue of its alleged negotiations with ESI over the Custom Made Products and that this is sufficient to state and unjust enrichment claim. Under Georgia law, "[t]he theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." *May v. S.E. GA Ford, Inc.*, 344 Ga. App. 459, 463, 811 S.E. 2d 14, 18 (2018). Neither of those circumstances applies here.

As discussed at length above, the SBA is the "legal contract" that defines the obligations owed by each party to the other. But even if this Court were to ignore the SBA entirely, ESI's own allegation is that this purported "benefit" inured to Home Depot as a function of the "Manufacturer Agreement." Am. Compl. ¶ 41. By ESI's account, which Home Depot disputes,

that is a contract and would therefore bar an unjust enrichment claim. As in the case of the promissory estoppel claim, ESI has pleaded itself out of relief.

But even if not for that error, ESI has failed to state an essential element of the claim. The sole benefit allegedly conferred on Home Depot was the ability to use "ESI's efforts . . . to negotiate a more favorable pricing arrangement with a separate manufacturer." Am. Compl. ¶ 42. There is no allegation of how that differs from any circumstance in which a buyer solicits competitive pricing from more than one seller. In short, the alleged benefit (however ESI might later propose to quantify it) bears no relation to ESI's alleged manufacture of the Custom Made Products.

### D. The Court Should Dismiss ESI's Fraud By Concealment Claim.

ESI claims that Home Depot failed to disclose alleged negotiations with alternative suppliers of mobile electronics accessories and thereby breached a legal duty of disclosure it had allegedly undertaken with respect to ESI. The Court should dismiss ESI's fraudulent concealment claim because the Amended Complaint makes no attempt to meet the enhanced pleading standards of Federal Rule of Civil Procedure 9(b). As this Court held in *City of Perry, Iowa v. Procter & Gamble Co.*, a fraudulent misrepresentation claim where the complaint failed to identify "specific statements" and "specific speakers" is properly dismissed under Rule 9(b)). 188 F. Supp. 3d at 289-90.

But the problems with ESI's fraudulent concealment claim do not end there. Under Georgia law, "in a fraudulent concealment action, there must first exist a duty to communicate the omitted or concealed material fact to the defrauded party." *McCabe v. Daimler AG*, 160 F. Supp. 3d 1337, 1350 (N.D. Ga. 2015). Here, the material fact that ESI alleges Home Depot had a duty to communicate was that it "contracted with a separate company to fulfill the same

orders." Am. Compl. ¶ 47. Setting aside that this assumes a variety of facts about Home Depot's purchasing decisions ESI has not alleged, ESI cannot begin—particularly in the context of an SBA that expressly addresses forecasts and estimates—to articulate what legal duty to ESI Home Depot here might have breached. Because Home Depot has no duty to disclose its negotiations with other vendors to ESI, the fraudulent concealment claim fails at the outset.

### III.  NO EVIDENCE SUPPORTS ESI'S CLAIM FOR BREACH OF THE "WIRELESS GEAR CONTRACT."

ESI's final claim gives away its first four. As ESI alleges, Home Depot issued purchase orders and ESI delivered product under its Wireless Gear brand. Am. Compl. ¶ 27. Whether or not that bare allegation states a claim for relief, Home Depot's alleged obligation to pay could not arise but for the SBA that governs the entire relationship between the parties. *See* SBA §§ 1.2, 1.4. The SBA expressly provides that "[n]o oral orders shall be considered part of the SBA, nor binding unless documented in a written [Purchase Order.]" *Id.* § 14.13 (emphasis added).

All ESI alleges is that in "May and December 2017" Home Depot agreed to buy $65,487.76 worth of Wireless Gear Products and that it has not yet received payment. ESI does not allege when it invoiced or demanded payment on these products or the manner of Home Depot's alleged refusal. ESI does not allege that it pursued payment according to the invoicing dispute mechanism required for Home Depot vendors. And tellingly, ESI does not allege that it complied with any of its obligations to pursue internal vendor dispute resolution prior to filing this lawsuit. Indeed, ten months after ESI sent its initial mediation demand under the SBA, the limited factual allegation appearing in the Amended Complaint remains the only information ESI has provided regarding this claim. If this is enough to state a claim for failure to pay purchase orders (and it is not), any such claim must fall within the SBA and should be transferred to the Northern District of Georgia.

## CONCLUSION

For these reasons, Home Depot requests that this Court grant its Motion and transfer this action to the Northern District of Georgia, Atlanta Division, or, in the alternative, dismiss ESI's claims for Breach of the Manufacturer Agreement (Am. Compl. ¶¶ 30-33), Promissory Estoppel (*Id.* ¶¶ 34-39), Unjust Enrichment (*Id.* ¶¶ 40-44), and Fraud by Concealment (*Id.* ¶¶ 45-51) with prejudice.

*/s/ David M. Pollack*
David M. Pollack
DP 6143
pollack@lbbslaw.com

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
77 Water Street, Suite 2100
New York, NY 10005
(212) 232-1300
Fax: (212) 232-1399

Ronan P. Doherty
NY Bar No. 2794923
(*admission to practice before this Court pending*)
doherty@bmelaw.com
Benjamin W. Thorpe
GA Bar No. 874911
(*pro hac vice admission to be sought*)
bthorpe@bmelaw.com

**BONDURANT, MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Telephone: (404) 881-4100

*Counsel for Defendant*

1743505.1